IN TH UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> V <br><br> EPIC SYSTEMS CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. 6:14-cv- <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Epic Systems Corporation ("Epic Systems") for infringement of U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent").

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Ste. 806, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology

1

solutions, platforms and frameworks, including solutions for securing software applications and digital content.  Uniloc owns and has been awarded a number of patents.  Uniloc's technologies enable, for example, software and content publishers to securely distribute and sell their high-value technology assets with maximum profit to its customers and/or minimum burden to legitimate end-users. Uniloc's technologies are used in several markets including, for example, electronic health record software, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4. Epic Systems Corporation ("Epic Systems") is a Wisconsin corporation with its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593. Epic Systems may be served with process through its registered agent, Judith R. Faulkner, 1979 Milky Way, Verona, Wisconsin 53593.  Epic Systems may also be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Upon information and belief, Epic Systems does business in the State of Texas and in the Eastern District of Texas.  Epic Systems' business in the State of Texas is evidenced in part by its maintenance of a registered agent in Texas.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district and/or, has regular and established places of business in this judicial district.

7. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
### (INFRINGEMENT OF '526 PATENT)

8. Uniloc incorporates paragraphs 1 through 7 herein by reference.

9. Uniloc Luxembourg is the owner, by assignment, of the '526 patent, entitled "METHOD AND SYSTEM FOR FLEXIBLY ORGANIZING, RECORDING, AND DISPLAYING MEDICAL PATIENT CARE INFORMATION USING FIELDS IN FLOWSHEET." A true and correct copy of the '526 patent is attached as Exhibit A.

10. Uniloc USA is the exclusive licensee of the '526 patent with ownership of all substantial rights in the '526 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

11. The '526 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. Defendant has been and is now directly infringing one or more claims of the '526 patent in this judicial district and elsewhere in Texas, including at least Claim 1, without Uniloc's consent or authorization. Defendant's direct infringement occurs and has occurred through operation of Defendant's infringing products, which practice the method of one or more claims of the '526 patent. Defendant's infringing products include, as a non-limiting example, EpicCare Inpatient Core EMR, and EpicCare Ambulatory Core EMR.

13. Defendant has induced and continues to induce others to infringe the '526 patent under 35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas, including at least Claim 1, without Uniloc's consent or authorization. Direct infringement has and continues to occurr by activities performed by parties that may have operated Defendant's infringing products.  Such activities included, as non-limiting examples, operation of Defendant's infringing products by Defendant's customers, (such as medical groups, medical providers, etc.), and/or by servicing Defendant's customers.

14. Defendant specifically intended such parties to infringe the '526 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Defendant induced and continues to induce such infringement by its affirmative action of at least providing instruction manuals on the operation of the infringing products. Additionally, through its sales and support activities and advertising of the infringing product's compliance with federal regulations, Defendant's specifically intended that its infringing products perform the methods recited in one or more claims of the '526 Patent.

15. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '526 patent complied with any such requirements.

16. Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Unless a preliminary and permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '526 patent, Uniloc will be greatly and irreparably harmed.

## COUNT II
## (INFRINGEMENT OF THE '451 PATENT)

18. Uniloc incorporates paragraphs 1 through 7 herein by reference.

19. Uniloc Luxembourg is the owner, by assignment, of the '451 patent, entitled "METHOD AND SYSTEM FOR CONSTRUCTING FORUMLAE FOR PROCESSING MEDICAL DATA." A true and correct copy of the '451 patent is attached as Exhibit B.

20. Uniloc USA is the exclusive licensee of the '451 patent with ownership of all substantial rights in the '451 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

21. The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

22. Defendant has been and is now directly infringing one or more claims of the '451 patent in this judicial district and elsewhere in Texas, including at least Claim 6, without Uniloc's consent or authorization. Defendant's direct infringement occurs and has occurred through operation of Defendant's infringing products, which practice the method of one or more claims of the '451 patent. Defendant's infringing products include, as a non-limiting example, EpicCare Inpatient Core EMR, and EpicCare Ambulatory Core EMR.

23. Defendant has induced and continues to induce others to infringe the '451 patent under 35 U.S.C. § 271(b) in this judicial district and elsewhere in Texas, including at least Claim 6, without Uniloc's consent or authorization. Direct infringement has occurred and continues to

occur by activities performed by parties that may have operated Defendant's infringing products. Such activities included, as non-limiting examples, operation of Defendant's infringing products by Defendant's customers, (such as medical groups, medical providers, etc.), and/or by servicing Defendant's customers.

24. Defendant specifically intended such parties to infringe the '451 patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Defendant induced and continues to induce such infringement by its affirmative action of at least providing instruction manuals on the operation of the infringing products. Additionally, through its sales and support activities and advertising of the infringing product's compliance with federal regulations, Defendant specifically intended that its infringing products perform the methods recited in one or more claims of the '451 Patent.

25. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '451 patent complied with any such requirements.

26. Uniloc has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Uniloc in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27. Unless a preliminary and permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in concert therewith from infringing the '451 patent, Uniloc will be greatly and irreparably harmed.

## JURY DEMAND

28.     Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Uniloc requests that the Court find in its favor and against Defendant, and that the Court grant Uniloc the following relief:

a.  Judgment that one or more claims of the '526 and '451 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.  Judgment that Defendant account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendant's infringing activities and other conduct complained of herein;

c.  Judgment preliminarily and permanently enjoining Defendant, its employees and agents, and any other persons in active concert or participation with it from directly enjoining the '526 and '451 patents;

d.  That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.  That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  July 18, 2014                                   Respectfully submitted,

/s/ E. LEON CARTER

E. Leon Carter (TX Bar 03914300)
lcarter@carterscholer.com
J. Robert Arnett II (TX Bar 01332900)
barnett@carterscholer.com
Ryan S. Loveless (TX Bar 24036997)
rloveless@carterscholer.com
Joshua J. Bennett (TX Bar 24059444)
jbennett@carterscholer.com

             CARTER SCHOLER ARNETT HAMADA &
             MOCKLER, PLLC
             8150 N. Central Expressway, Suite 1950
             Dallas, Texas 75206
             Telephone: (214) 550-8188
             Facsimile: (214) 550-8185

             James L. Etheridge
             Texas State Bar No. 24059147
             Etheridge Law Group, PLLC
             2600 E. Southlake Blvd., Suite 120/324
             Southlake, Texas 76092
             817.470-.249
             817.877.5950 (Fax)
             Jim@EtheridgeLaw.com


             **ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. AND UNILOC LUXEMBOURG S.A.**